**ALMAR MOBILE HOME PARK v. DINNA, et ux.**
No. 78-14066.
County Court, Broward County.
December 12, 1978.

Lawrence J. Miller of Capp, Reinstein & Kopelowitz, Fort Lauderdale, for the plaintiff.

M. Ross Shulmister of Josias & Shulmister, Fort Lauderdale, for the defendants.

WILLIAM W. HERRING, County Court Judge.

Disregarding issues as to capacity, which have not been resolved, plaintiff brings an eviction action. Defendants own a mobile home and rent the lot on which the mobile home is situated. On these prima facie facts, this is an action governed by Part III of Chapter 83, Florida Statutes.

Plaintiff served defendants using a form of summons, commonly used in the seventeenth circuit, requiring response within 5 days. Defendants responded with an answer and affirmative defenses specifically reserving objections to summary procedure and raising insufficiency of process as an affirmative defense.

This cause came on for hearing on motion by defendants to dismiss on grounds set forth in the affirmative defenses. Only the ground relating to insufficiency of process is considered, as it is dispositive of this hearing.

Defendants' objection was that the summary procedure authorized by Fla. Stat. §51.011 applies only to those actions specified by statute or rule. The only section in Part III, Chapter 83 which speaks of summary procedure is Fla. Stat. §83.759, which states "This section does not preclude summary eviction procedures . . ."

Plaintiff argues that this language implies that summary procedure is authorized, while defendants argue that authorization must be explicit.

The court's interpretation of §51.011 is that it is applicable only when so specified (that is, authorized or invoked) by statute or rule. The word in §83.759 which is the operative word is "preclude." *Black's Law Dictionary* (4th ed. 1968) defines "preclude" as "estop." *Webster's New Collegiate Dictionary* (1976) defines "preclude" as "to make impossible by necessary consequence." In no sense does "preclude" imply an affirmative authorization.

This is, perhaps, analogous to where a power is granted to the legislature to enact certain types of legislation. If the legislature fails to pass the laws, the constitutional grant does not do so by implication, unless it is a necessary consequence (as opposed to a conjectural or argumentative implication).

This construction is strengthened when one compares the corresponding provisions of Parts I and II of Chapter 83. Both specifically state the landlord "is entitled to the summary procedure provided in §51.011 . . ." Compare Fla. Stat. §83.21 with Fla. Stat. §83.59(2). If the legislature intended that summary procedure be available under Part III, it would have used the same language in Part III.

It is therefore held that the summary procedure provided in §51.011 is not available under Part III of Chapter 83, Florida Statutes.

Rule 1.900(b) allows modification of forms so long as substance is expressed. Since the time allowable for response is considered an integral part of due process, it is further held that the summons providing for a five day response and other peculiarities relating to summary procedure for possession are not substantively similar to Form 1.902 because (and only because) the provisions of §51.011 are not applicable to this action.

The summons is therefore defective, and defendants' motion to dismiss for insufficiency of process is granted.

Since without process, this action is not properly before the court on other grounds for dismissal, there is no need for the court to rule on those other grounds.